FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 31 2009 ★

BROOKLYN OFFICE

Hon.
Civil Action File No.

John G. Campbell, Esq.
Office of the Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 646-264-3667
Fax 646-264-3660
JC (2125)

CV 09 - 5724

SPATT, J.

TOMLINSON, M

SOL:JC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
HILDA L. SOLIS, Secretary of Labor,  :
United States Department of Labor,
                                     :
                          Plaintiff, :   Civil Action File
                                     :   No.
       v.                            :
                                     :
CONTRACTORS BENEFIT TRUST,           :
                          Defendant. :
-----------------------------------------------------------------

## COMPLAINT

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor (the "Secretary"), to the best of her knowledge, information, and belief alleges:

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001 *et seq.* and is brought by the Secretary against the Defendant, Contractors Benefit Trust to enjoin practices in violation of Title I and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

1

## PARTIES AND JURISDICTION

2. Defendant Contractors Benefit Trust ("CBT" or "the Trust") is a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. 1002(21)(A) in that it had discretionary authority over the management or administration of several employee welfare benefit plans as such plans are defined by ERISA §3(1), 29 U.S.C. §1002(1) and/or discretionary control over the assets of those employee welfare benefit plans. CBT was sponsored and financed by contributing employers in the construction and building trades predominantly in the metropolitan New York City and Long Island areas. CBT's last known address was 570 Lexington Avenue, New York, New York 10022. On information and belief, CBT used International Benefits Administrators LLC, located at 100 Garden City Plaza, Suite 102, Garden City, New York 11530, to provide administrative services. CBT's stated purpose was to take contributions from employers on behalf of their employees and use those contributions to pay supplemental benefits under applicable prevailing wage law and similar benefits in the nature of the medical, life insurance, dental, apprenticeship/training, disability, medical reimbursement, and/or like benefits required or permitted under other applicable law. CBT was established in or about 1993.

3. The employee welfare benefit plans named in this Paragraph below were established or maintained by employers in the construction and building trades when those employers contributed funds to CBT for the stated purpose of paying to pay supplemental benefits under applicable prevailing wage law and similar benefits in the nature of the medical, life insurance, dental, apprenticeship/training, disability, medical reimbursement, and/or like benefits required or permitted under other applicable law. These plans are accordingly employee welfare benefit plans under 29 U.S.C. § 1002(1), and subject to ERISA under 29 U.S.C. § 1003(a). The Plans are identified by employer and employer address as follows:

2

|    | COMPANY | ADDRESS | CITY | ST |
|----|---------|---------|------|----|
| 1  | Amma Construction | 192 West 9th Street | Huntington Sta. | NY |
| 2  | Annex Restoration | 308 McGuinness Blvd. | Brooklyn | NY |
| 3  | Applied Projects Company | 51 Church Street | Freeport | NY |
| 4  | Aqua-X Conservation | 251 53rd Street | Brooklyn | NY |
| 5  | B&A Demolition & Removal | 70 New Street | Oceanside | NY |
| 6  | BMJ Construction | 35 E. Grassy Sprain Rd, Ste 203 | Yonkers | NY |
| 7  | DCI - Danaco Contractors, Inc. | 325 Wyandanch Ave. | North Babylon | NY |
| 8  | DeLalio Coal & Stone | 224A North Main St. | Southampton | NY |
| 9  | Down To Earth Golf Course Const. | P.O. Box 719 | Harrison | NY |
| 10 | G&M Mechanical, Inc. | 1866 Seaford Ave. | Wantagh | NY |
| 11 | G. Penza & Sons, Inc. | 457 Brook Ave. | Deer Park | NY |
| 12 | Grimes Contracting | P.O. Box 5004 | Montauk | NY |
| 13 | Hoffman Floor Covering Corp. | 2 Commerce Drive | Farmingdale | NY |
| 14 | Imperial Development | 931 Park State Road 434, Suite 401-239 | Altamonte Springs | FL |
| 15 | Inter-Connection Electric | 6821 Eighth Avenue | Brooklyn | NY |
| 16 | KJB Industries Inc. | 70 Park Road | Riverhead | NY |
| 17 | Lipsky Enterprises, Inc. | 814 Montauk Highway | Bayport | NY |
| 18 | Lockerworks Inc. | P.O. Box 5588 | Bay Shore | NY |
| 19 | Maccarone Plumbing Inc. | 10 Sea Cliff Ave. | Glen Cove | NY |
| 20 | Miller Environmental Group, Inc. | 538 Edwards Ave. | Calverton | NY |
| 21 | MRC II Contracting | 242 Nevins St. | Brooklyn | NY |
| 22 | Norco Ltd. | 88 Garden St. | Garden City | NY |
| 23 | Parkset Plumbing Co. | 1568 Atlantic Ave. | Brooklyn | NY |
| 24 | Preferred Plumbing & Heating | 1 Beaver Dam Rd. | Islip | NY |
| 25 | Rasco Contracting Corp. | 24 Prestwick Terrace | Glen Cove | NY |
| 26 | Riley Excavating & Contracting | 195 South Denver Ave. | Bay Shore | NY |
| 27 | Roof Diagnostics/Damlin Ent. | 9 Shen Court | East Setauket | NY |
| 28 | Rosemar Construction | 56 Pine St. | East Moriches | NY |
| 29 | Serrot Construction/All American | 77 Box St. | Brooklyn | NY |
| 30 | South Shore Docks Inc. | 102 Old Country Rd. - P.O. Box 37 | East Quogue | NY |

| 31 | Takbeer Enterprises | 73 Provost Street | Brooklyn | NY |
| 32 | Thomas Erectors, Inc. | 30 Montauk Blvd., Suite 3 | Oakdale | NY |
| 33 | Utility Lining Corp. | 1940 Deer Park Ave., Suite 333 | Deer Park | NY |
| 34 | Z Restoration | 1 Roslyn Lane | New City | NY |

Additional employee welfare benefit plans administered by CBT in this case may become known as this case progresses.

4.   This Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

5.   Venue with respect to this action lies in the Eastern District of New York pursuant to ERISA §502(e)(2), 29 U.S.C. § 1132(e)(2) because CBT and the Plans were administered in whole or in part within the jurisdiction of this Court.

6.   The Plaintiff Secretary of Labor has authority to bring this civil action under ERISA §§502(a)(2) & (5), 29 U.S.C. §§1132(a)(2) &(5).

## ALLEGATIONS

8.   Steven Coren was Trustee of CBT. From in or about 1993 until the present time, Coren exercised discretionary authority over the management and administration of CBT and the Plans and/or discretionary control over the assets of CBT and the Plans. He was thus a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) with respect to CBT and the Plans.

9.   Coren has pled guilty to and is to be formally convicted and sentenced for violations of the statutes found at 18 U.S.C. §§ 1341, 1343, 1512, 1956(a)(3)(B), and 1956(h) on or about January 6, 2010, in the matter of U.S. v. Coren, 07-cr-265 (ENV).

4

10. By virtue of his conviction, Coren will become unable to continue functioning as a Trustee and fiduciary for any employee benefit plan subject to ERISA under ERISA § 411, 29 U.S.C. § 1111.

11. Under the terms CBT's governing document, a majority of the participating employers in CBT must designate a new trustee if the existing trustee sustains a legal disability.

12. On information and belief, CBT has not convened the participating employers or otherwise acted to secure a replacement trustee or named fiduciary to take Coren's place.

13. On information and belief, CBT is holding assets for the Plans and their rightful participants and beneficiaries in the amount of $697,162, more or less.

## VIOLATIONS

14. By the conduct and circumstances described in paragraphs 8-13, the Plans exist without an active named fiduciary and without their assets being held in trust by a trustee in violation of ERISA §§ 402 and 403, 29 U.S.C. §§ 1102 and 1103.

15. By the conduct and circumstances described in paragraphs 8-13, CBT has

(a) failed to discharge its fiduciary duties with respect to the Plans solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants of the Plans and their beneficiaries and defraying reasonable expenses of administering the Plans, in violation of ERISA § 404(a)(1)(A)(i), 29 U.S.C. § 1104(a)(1)(A)(i); and,

(b) failed to discharge its fiduciary duties with respect to the Plans solely in the interest of the participants and beneficiaries and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an

5

enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

## PRAYER FOR RELIEF

Wherefore, the Secretary prays for judgment:

A. Appointing an independent trustee and fiduciary to administer CBT and the Plans and distribute the assets held by the Defendant to the proper participants and beneficiaries; and,

B. Ordering such further relief as is appropriate and just.

DATED: December 30, 2009
New York, New York

Respectfully Submitted,

*Deborah Greenfield*
DEBORAH GREENFIELD
Acting Deputy Solicitor

*Patricia M. Rodenhausen*
PATRICIA M. RODENHAUSEN
Regional Solicitor

*John G. Campbell*
JOHN G. CAMPBELL
Attorney
JC (2125)

6